THIS is a motion on the part of complainant, to set aside the award of arbitrators, so far as it relates to the ship Connecticut, for that the arbitrators exceeded their authority in determining on this subject, which was not submitted to them, and have determined contrary to law.
I have perused the bill in this case, and find that the matters in controversy between the parties are merely relative to the co-partnership concerns ,• and the ship Connecticut is not at all noticed in either of the bills. The order of the court refers the controversies of the parties to arbitrators. They both, in their letters to the arbitrators, expressly inform them that the business respecting the Connecticut is not referred to them, but will be submitted separately. The arbitrators have nevertheless decided on the subject. I have perused all-the letters which were written by Messrs. McLure and Robertson ; those of Mr. W. Broadfoot, in the first instance, wrhen the vessel was sent to Liverpool, wherein W. Gibson & Co. were directed to sell her if a certain price could be obtained; and the letters from W. Gibson & Co. to defendant, then in London, on the subject of an ad *12 venture to Buenos Ayres in this vessel, if a license could be obtained for that purpose; but I do not find a single word in them which can make complainants liable to be charged as part owners or as anyway concerned in her : on the other hand, in the letter from W. Gibson & Co. in 1806, when it was found impracticable to obtain a license, they acquainted defendant that she could not be considered as belonging to the new concern. Defendant was to commence in January, 1807. After the notice arbitrators had received from both complainant and defendant, that this vessel would be the subject of another submission, it appears to me that they have exceeded the powers delegated to them by the order of reference; and therefore, that part of the award should be set aside.
[There was no appeal from this decree.]